UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2063-BR

UNITED STATES OF AMERICA

v.

KEVIN MCGREEVY

MOTION FOR HEARING TO REVIEW
CONDITIONS OF PRE-TRIAL
DETENTION

KEVIN MCGREEVY, the respondent in the above-captioned case, by and through

undersigned counsel, hereby respectfully moves this Honorable Court for a hearing or a status

conference to review the conditions of his pre-trial detention. Previously, the government filed an

18 U.S.C. § 4248, "Certification of a Sexually Dangerous Person" against respondent. Pursuant to

this certificate, the government has imprisoned respondent at FCI-Butner Medium I pending further

action.[1] In support of this motion the respondent shows the following:

1.      On April 19, 2007, the court consolidated five § 4248 cases for a status conference and

        hearing on respondents' motion to dismiss. At the end of the motions hearing held on May 7,

        2007, the status conference was adjourned to a later date to be determined by this Court.

2.      In addition to the five cases noted above, the government has filed § 4248 certifications

        against 40 other individuals, the majority of which are also represented by undersigned

        counsel.

_____

        [1]Shane Catron and Graydon Comstock are currently at FMC-Butner.

1

3. During most of the time that these individuals have been incarcerated pursuant to a § 4248 certification, they have been housed in single cells. Recently, the government moved eleven of the respondents certified under § 4248 from a single cell housing unit to double-bunked cells in another unit. These respondents were given no explanation, and they report to the undersigned that overcrowding does not appear to be the reason.

4. At the same time, these eleven respondents were informed by Dr. Andres Hernandez, who apparently is in charge of their new unit, that Dr. Hernandez would be starting a new "voluntary" program called Certification Treatment Program ("CTP").

5. Additionally, for the past few months, all respondents have been required to attend monthly sessions with staff psychologists. Respondents have been informed that refusal to attend these sessions would be punished as disobeying an order.

6. Because the government claims that a hearing under § 4248 constitutes civil proceedings, the government claims the right to use any information that respondent provides to BOP psychologists or as part of the CTP program against petitioner in the pending § 4248 commitment proceedings.

7. In light of the potentially extreme consequences of a § 4248 commitment, respondent, on advice of counsel, has continued to remain silent, and has politely refused to speak with staff psychologists or other BOP employees or to participate in the CTP program.

8. It appears that respondent and other individuals might soon be or are already being punished for their refusal to meet with BOP psychologists and their refusal to participate in the CTP program.

9. The Due Process Clause prevents the government from punishing pre-hearing detainees such as respondent. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

10.    The government by, among other things, placing "arbitrary or purposeless" burdens, such as double bunking, on respondent and other individuals has moved beyond any legitimate interests in maintaining a federal facility and securing respondent's presence at his hearing and has begun to engage in unconstitutional punishment.

11.    The extraordinary length of time that the government incarcerates respondent and the other individuals as pre-hearing detainees further enhances the impermissibly punitive nature of the confinement at issue. *Accord id.* at 543 (noting that the short 60 day limit that the pre-trial detainees in *Bell* spent in confinement helped support the conclusion that the pre-trial detention in that case did not violate the Constitution). Several individuals have already spent over a year incarcerated as pre-civil-hearing detainees. This lengthy incarceration, without the opportunity for any sort of pre-trial release hearing, exceeds the amount of time that most criminal defendants spend in pre-trial incarceration. It is grossly excessive, and becomes punishment when imposed on individuals held only as pre-hearing detainees pursuant to an unconstitutional civil statute.

12.    In addition, respondent and other certified individuals have a constitutional right to refuse treatment, such as meetings with BOP psychologists and the CTP program. *United States v. Charters*, 829 F.2d 479, 491 (4th Cir. 1997) ("The right to refuse medical treatment has been specifically recognized as a subject of constitutional protection.").

13.    By punishing individuals for choosing not to engage in treatment, the government violates their constitutional rights. *See United States ex rel. Wilcox v. Johnson*, 555 F.2d 115, 120 (3rd Cir. 1977) ("A defendant in a criminal proceeding is entitled to certain rights and protections which derive from a variety of sources. He is entitled to all of them; he cannot be forced to barter one for another. When the exercise of one right is made contingent upon the

3

forbearance of another, both rights are corrupted."); *see also United States v. Midgett*, 342 F.3d 321, 327 (4th Cir. 2003) (citing *Wilcox*).

14. In short, most of the respondents held at FCI-Butner Medium I pursuant to a certification filed under 18 U.S.C. § 4248 remain incarcerated well beyond their release dates. A few have spent over one year beyond their release date in BOP custody. As a group, their situation is fraught with anxiety, uncertainty, and unknowable fear as the litigation associated with this civil commitment scheme presents many new issues of first impression for the federal courts across the nation. Specifically, respondent believes his status as a pre-trial civil detainee must not subject him to conditions and requirements harsher and more stringent that those imposed on inmates serving a criminal sentence. This recent move to double bunk the respondents, the required attendance at sessions with psychologists, and the announcement of a new "voluntary" program with the head of the Sex Offender Treatment Program has created an increasingly hostile environment that impermissibly violates Constitutional protections for all § 4248 respondents at FCI-Butner Medium I.

15. The Assistant United States Attorney in this matter, Michael Bredenberg, has been contacted and states the government opposes relief requested and reserves the right to respond.

4

WHEREFORE, for the foregoing reasons, respondents respectfully requests that their motion be granted and that a hearing or a status conference be scheduled to review the conditions of pre-trial detention.

Respectfully submitted this 15th day of November, 2007.

THOMAS P. McNAMARA
Federal Public Defender

/s/ Jane E. Pearce
JANE E. PEARCE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Jane_Pearce@fd.org
N.C. State Bar No. 25453
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:


MICHAEL BREDENBERG
Assistant United States Attorney
Federal Medical Center
P. O. Box 1600
Butner, NC 27509
Email: mbredenberg@bop.gov

R. A. RENFER, JR.
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601-1461
Email: rudy.renfer@usdoj.gov


by electronically filing the foregoing with the Clerk of Court on November 15, 2007, using the CM/ECF system which will send notification of such filing to the above.

This the 15th day of November, 2007.

/s/ Jane E. Pearce
JANE E. PEARCE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Jane_Pearce@fd.org
N.C. State Bar No. 25453
LR 57.1 Counsel
Appointed