IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2063-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | FINDINGS OF FACT |
| ) | AND CONCLUSIONS OF LAW |
| KEVIN LEE MCGREEVY, ) | |
| Respondent. ) | |

Petitioner (the government) instituted this civil action pursuant to Title 18 of the United States Code, Section 4248(a), seeking to commit Respondent Kevin Lee McGreevy (Respondent or Mr. McGreevy) as a "sexually dangerous person" pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act or the Act). The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons (BOP) examined Respondent and issued a preliminary determination that he is sexually dangerous within the meaning of the Act [DE 1]. Such certificate stayed Respondent's release from federal custody pending a hearing to determine whether Respondent qualifies for commitment as a sexually dangerous person. The government's petition was filed on April 3, 2007; Respondent was scheduled to be released November 24, 2007.

On May 23, 2012, the Court conducted an evidentiary hearing in this matter pursuant to 18 U.S.C. § 4247(d). The parties filed proposed findings of fact and conclusions of law on May 23 and 31, 2012. Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, and after due consideration of the evidence presented and argument of counsel, the Court *adopts* the

following portions of Respondent's Findings of Fact and Conclusions of Law (Findings), as filed on May 31, 2012 [DE 85], and incorporates those portions as if they were fully set forth herein: II (Factual Background); III (Discussion) excluding paragraphs two through five of section B and paragraphs one and two of section C; and IV (Conclusion). The Court now holds that the government has failed to satisfy its burden to show by clear and convincing evidence that Respondent is sexually dangerous to others as defined by the Adam Walsh Act.

## DISCUSSION

To order the commitment of a respondent pursuant to § 4248, a court must conclude, after an evidentiary hearing at which the government bears the burden of proof by clear and convincing evidence, that the respondent is a "sexually dangerous person" as defined by the Act. The government must show that (1) the respondent "has engaged in or attempted to engage in sexually violent conduct or child molestation" and (2) that the respondent "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4248(d). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks, citations, and alterations omitted); *see also Addington v. Texas*, 441 U.S. 418, 423-24 (1979) (noting that the "clear and convincing" standard of proof is an "intermediate standard" that falls between a "mere preponderance of the evidence" and "beyond a reasonable doubt"). If the court finds that the government has satisfied its burden, the individual must be

2

Case 5:07-hc-02063-BO   Document 86   Filed 06/08/12   Page 2 of 9

committed to a suitable facility for mental treatment until he is determined to no longer be sexually dangerous to others. 18 U.S.C. § 4248(d).

**1.** *Whether Respondent has engaged or attempted to engage in sexually violent conduct or child molestation*

The Court finds that the government has established by clear and convincing evidence that Mr. McGreevy has engaged or attempted to engage in sexually violent conduct or child molestation in the past. Mr. McGreevy does not contest such a finding.

**2.** *Whether Respondent currently suffers from a serious mental illness, abnormality, or disorder*

Each of the experts who testified in this matter diagnosed Mr. McGreevy as currently suffering from pedophilia and found that such a diagnosis constitutes a serious mental illness abnormality, or disorder in this instance. Pet'r Ex. 2; 3; 4; Resp't Ex. 2; 4[1]. Mr. McGreevy does not contest such a diagnosis and finding. Accordingly, the Court finds that the government has established by clear and convincing evidence that Mr. McGreevy currently suffers from a serious mental illness, abnormality, or disorder.

In light of its finding that the government has satisfied its burden at this step with regard to Mr. McGreevy's diagnosis of pedophilia, the Court declines to consider whether the diagnoses of paraphilia not otherwise specified and personality disorder not otherwise specified made by Drs. Cunic and Graddy constitute serious mental disorders in this instance.

---

[1] The report of Dr. John Warren does not draw a conclusion as to whether or not the diagnosis of pedophilia in this instance constitutes a serious mental disorder under the Adam Walsh Act.

3

### *3. Whether, as a result of the illness, abnormality, or disorder, Respondent would have serious difficulty in refraining from sexually violent conduct or child molestation if released*

Just prior to the evidentiary hearing, the government filed a motion for conditional release upon commitment [DE 79]. In essence, the government states that should the Court find it to have met its burden and order the commitment of Respondent, the government would agree to the release of Mr. McGreevy so long as conditions additional to those already required by his supervised release term are imposed. To that end, the government offered evidence and testimony with regard to whether or not Mr. McGreevy might have more success in refraining from child molestation with additional conditions of release.

Whether or not such additional conditions would affect Mr. McGreevy's ability to refrain on release is not, however, a relevant inquiry. The Adam Walsh Act establishes that in order to commit a respondent under § 4248, a court must consider three elements to determine whether the respondent is sexually dangerous, and the court's role is limited in these matters to deciding *only* whether the government has satisfied its burden as to each of these elements. Here, the Court must decide only whether the government has shown by clear and convincing evidence that, in addition to the satisfying first two elements, Mr. McGreevy will have serious difficulty refraining from child molestation if released – not whether, if released, Mr. McGreevy would benefit from additional supervision and restrictions.

The Court finds that the government has failed to satisfy its burden to show that Mr. McGreevy would have serious difficulty in refraining from sexually violent conduct or child molestation if released. As noted by the Fourth Circuit in *United States v. Hall*,

[t]he 'serious difficulty' prong of § 4248's certification proceeding refers to the degree of

the person's "volitional impairment," which impacts the person's ability to refrain from acting upon his deviant sexual interests. *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) (noting that statutory requirements that couple proof of dangerousness with proof of a mental illness or abnormality "serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control"); *id.* at 357 (noting that civil commitment statutes may "provide[] for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety...provided the confinement takes place pursuant to proper procedures and evidentiary standards") (internal citations omitted); *see also Kansas v. Crane*, 534 U.S. 407, 414 (2002) (noting that "our cases suggest that civil commitment of dangerous sexual offenders will normally involve individuals who find it particularly difficult to control their behavior.")

*United States v. Hall*, 664 F.3d 456, 463 (4th Cir. 2012).

Each of the experts in this matter relied, to a greater or lesser degree, on actuarial instruments. The Court has considered both the scores of the actuarial instruments and the experts' testimony with regard to their use of these instruments in forming an opinion as to this step of the inquiry. Of the four experts who testified in this matter, Drs. Cunic and Graddy opined that Mr. McGreevy would have serious difficulty in refraining from sexual violence or child molestation if released and Drs. Zinik and Rosell opinion that he would not.[2] After considering the testimony and the reports of the experts in this case, the Court finds most credible the opinion of Dr. Zinik with regard to this step of the inquiry.

Dr. Zinik was asked by the government in this matter to assess whether Mr. McGreevy meets the criteria for commitment under § 4248. Dr. Zinik opined that Mr. McGreevy does not meet the criteria for commitment, specifically because Mr. McGreevy will not have serious

---

[2]Dr. John Warren, who did not testify at the hearing, did not make a direct statement in his report with regard to whether Mr. McGreevy meets the criteria for commitment under the Act. Dr. Warren did opine, however, that Mr. McGreevy's particular risk for reoffense is substantially mitigated by the fact that, *inter alia*, he does not have a mental disorder that overrides his volitional control, the nature and duration of his incarceration, and his participation in and extraordinary gains from sex offender treatment. Resp't Ex. 4.

5

difficult in refraining from sexual violence or child molestation if released. In addition to his long history of treating sex offenders, Dr. Zinik's exemplary educational and professional experience provide a strong basis for the Court's finding that his testimony is most credible in this matter.

Dr. Zinik relied heavily on Mr. McGreevy's marked success in the sex offender treatment program at FCI Butner (SOTP), noting that he has rarely seen such a highly motivated and whole-hearted approach to treatment. Mr. McGreevy performed exceptionally well in the SOTP, becoming a mentor for other inmates in the program and completing an extensively detailed relapse prevention plan. Dr. Zinik also pointed to the fact that Mr. McGreevy abandoned a potentially successful appeal of his underlying criminal case so that he might remain in sex offender treatment. Mr. McGreevy made this decision before the passage of the Adam Walsh Act; because there was no method for civil commitment then applicable to Mr. McGreevy, he would have been released had he been successful on appeal. Furthermore, Mr. McGreevy continued treatment in order to complete the SOTP even after he was certified under the Act.

Dr. Zinik opined that though Mr. McGreevy's scores on the actuarial instruments place him a high risk group, the protective factors in Mr. McGreevy's instance outweigh the factors indicating risk. Additionally, though Mr. McGreevy has not engaged in any sex offender treatment during the majority of the five years he has spent awaiting a hearing, Dr. Zinik opined that even so, Mr. McGreevy will not have serious difficulty in refraining from child molestation if released today.

The Court further credits the testimony of Mr. McGreevy himself. Mr. McGreevy admitted at the hearing that he has abused sixty-six victims, the vast majority of whom were

unknown to the government prior to his own admissions in treatment, that he is sexually attracted to children, and that he knows he will face challenges upon release. Mr. McGreevy also testified that after beginning the SOTP he knew that he wanted to change his life, and acknowledges that he will always have more to learn about himself and his condition through treatment. Mr. McGreevy testified that he plans to continue with sex offender treatment upon release, even when such treatment is not mandated by the conditions of his supervised release. Mr. McGreevy also discussed his extensive relapse prevention program, including the methods he will employ to avoid or terminate even unintentional contact with children. Mr. McGreevy's two-year term of supervised release remains to be served, which imposes specific conditions regarding sex offender treatment, polygraph testing, and contact with minors. Mr. McGreevy has also voluntarily agreed to modify his term of supervised release to include six months in a half-way house.

The fact that Mr. McGreevy was unwilling to accept the government's offer to consent to commitment and thereupon be conditionally released enhances Mr. McGreevy's credibility. The Court finds this to be evidence of Mr. McGreevy's abandonment of the kind of situational logic in which a pedophile might engage to justify or rationalize his offenses against children. When faced with an opportunity to denounce his success in treatment in exchange for his release from incarceration, Mr. McGreevy chose to risk continued confinement instead of denying his own belief that he is no longer dangerous. The Court finds this, coupled with the abandonment of his earlier appeal and his agreement to spend six months in a half-way house following release, to be evidence of the fact that Mr. McGreevy's interest in reclaiming and changing his life outweighs his desire for freedom. Such behavior is consistent with someone who has developed concern for

not only his own best outcome and who is committed to continuing on the path to change.

> [I]n cases where lack of control is at issue, the 'inability to control behavior' will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty in controlling behavior. And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.

*Kansas v. Crane*, 534 U.S. 407, 413 (2002).

The Court affords less weight to the opinions of Drs. Cunic and Graddy with regard to the third element of the inquiry. Though Dr. Cunic opined that Mr. McGreevy would have serious difficulty in refraining from child molestation if released, she could not identify during her testimony any further step or revelation that Mr. McGreevy would need to make before she could find that he would not have serious difficulty refraining. Dr. Cunic's testimony on this point seemed to focus on whether or not additional conditions would benefit Mr. McGreevy on release. As such information is not relevant to whether the government has met its burden at step three, the Court does not credit Dr. Cunic's testimony on this issue.

Dr. Graddy also opined that Mr. McGreevy would have serious difficultly refraining from child molestation if released. Though Dr. Graddy, a forensic psychiatrist, has had considerable experience in the context of 18 U.S.C. § 4246 commitments, he has had very little experience in the evaluation and treatment of sex offenders. Further, though he placed great weight on the validity of actuarial scores, Dr. Graddy failed to score Mr. McGreevy on any of the actuarial instruments himself. For these reasons, the Court finds more credible the testimony and opinions of Drs. Zinik and Rosell with regard to this step of the inquiry, neither of whom found that Mr.

8

McGreevy would have serious difficulty refraining from sexually violent conduct or child molestation if released.

Therefore, though it finds that the government has satisfied its burden at steps one and two of the inquiry, the Court finds that the government has failed to show by clear and convincing evidence that Mr. McGreevy would have serious difficulty in refraining from sexually violent conduct or child molestation if released. The government has not met its burden, therefore, to show that Mr. McGreevy is sexually dangerous to others as defined by the Adam Walsh Act.

## CONCLUSION

Accordingly, for the reasons discussed above, the Clerk is DIRECTED to enter judgment in favor of the Respondent Kevin Lee McGreevy and against the Petitioner. The government is ORDERED to release the Respondent to the custody of the appropriate United States Probation Office.

Respondent's Motion to Dismiss [DE 78] is DENIED insofar as it is inconsistent with the Fourth Circuit's holding in *United States v. Timms*, 664 F.3d 436 (4th Cir. 2012). In light of the Court's finding that Respondent is not sexually dangerous as defined by the Act, Petitioner's Motion for Conditional Release is also DENIED. This action is hereby DISMISSED.

SO ORDERED, this 8 day of June, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE